1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

WELDENTAL LLC,

12

Plaintiff,

13

v.

14

HELLO PRODUCTS, LLC, *et al.*,

15

Defendant.

16
17
18
19
20
21
22
23

Case No. 21-cv-01217-BAS-KSC

**ORDER**

**(1) EXTENDING TIME FOR DEFENDANT HELLO PRODUCTS, LLC TO RESPOND TO THE COMPLAINT BY 60 DAYS, AND**

**(2) EXTENDING PLAINTIFF'S DEADLINE TO SERVE OTHER DEFENDANTS BY 60 DAYS**

**(ECF No. 6)**

24

Pending before the Court is Plaintiff Weldental LLC and Defendant Hello Products

25

LLC's joint motion to extend time for Hello Products to respond to the Complaint, and

26

Weldental's *ex parte* motion to extend time to perfect service on the remaining Defendants.

27

(ECF No. 6.)  For the reasons stated below, the Court **GRANTS** the joint motion and the

28

*ex parte* application.

- 1 -

## I.      HELLO PRODUCTS' DEADLINE TO RESPOND

Weldental and Hello Products seek to extend time for Hello Products to respond to the Complaint until November 29, 2021.  The two parties represent that additional time is necessary to facilitate ongoing settlement discussions.  Good cause appearing, the Court **GRANTS** the motion.  (ECF No. 6.)

## II.     WELDENTAL'S DEADLINE TO PERFECT SERVICE

In the same motion, Weldental also applies, *ex parte*,[1] for an order extending time for an additional 60 days to serve the Summons and Complaint upon the remaining Defendants: Ulta Beauty, Inc.; Sprouts Farmer's Market, Inc.; CVS Health Corporation; Rite Aid Corporation; Target Corporation; and The Kroger Co. (together, "Retail Defendants").  Under Federal Rule of Civil Procedure 4(m), service upon defendants must be made within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  A court also has discretion to extend the time for service in the absence of good cause. *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).  Here, Weldental does not explain what efforts it has made to serve the Retail Defendants nor how the settlement discussion between it and Hello Products will affect the claims against the Retail Defendants.  Thus, Weldental has not shown good cause to extend the time for service.  Despite the absence of good cause shown, the Court exercises its discretion and **GRANTS** the *ex parte* application for the extension.  (ECF No. 6.)

//

//

//

---

[1] While the request is filed as a joint motion by Weldental and Hello Products, the two parties have not shown that Hello Products has the authority to consent to the extension on behalf of other Defendants. Thus, the Court construes the motion for extension of time to perfect service as an *ex parte* application by Weldental.

21cv1217

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Weldental and Hello Products' joint motion and Weldental's *ex parte* application.  (ECF No. 6.)  **On or before November 29, 2021**, Hello Products shall respond to the Complaint, and Weldental shall perfect service on the Retail Defendants.

**IT IS SO ORDERED.**

**DATED: September 27, 2021**

_____
**Hon. Cynthia Bashant**
**United States District Judge**

21cv1217